07-4666-ag
Liu v. Holder

BIA
Holmes-Simmons, IJ
A096 336 584

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of April, two thousand ten.

PRESENT:
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

FENG YING LIU,
        *Petitioner*,

      v.                     07-4666-ag
                                NAC
UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
        *Respondents*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**      **Yee Ling Poon, New York, New York.**

**FOR RESPONDENTS:**    **Gregory G. Katsas, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Feng Ying Liu, a native and citizen of the People's Republic of China, seeks review of a September 25, 2007, order of the BIA denying her motion to remand and affirming the September 26, 2005, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Ying Liu*, No. A096 336 584 (B.I.A. Sept. 25, 2007), *aff'g* No. A096 336 584 (Immig. Ct. N.Y. City Sept. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d

Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.   Asylum, Withholding of Removal, and CAT Relief**

We conclude that the agency's adverse credibility determination was supported by substantial evidence. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006).  As the IJ found, although Liu stated at one point that she was kicked by police, she failed to make any such assertion in her asylum application or upon direct examination.   Additionally, the BIA reasonably found inconsistent Liu's testimony regarding whether her cousin was still detained.   The IJ also reasonably found implausible Liu's testimony that her cousin would have told the police that he had given his Falun Gong books to her for safekeeping. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Finally, given Liu's already questionable testimony, the IJ did not err in declining to accord weight to a letter purportedly from Liu's father, or in finding that her failure to provide corroboration further undermined her credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341

3

(2d Cir. 2006). Such were adequate bases for finding Liu not credible. *See Xian Tuan Ye*, 446 F.3d at 294. To the extent that Liu offered explanations for the discrepancies the IJ identified, moreover, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

We do find error in one respect. We cannot agree with the IJ's finding that it was implausible that Liu would not know whether a warrant had been issued for her arrest. This implausibility finding was not based on common sense and ordinary experience, *Siewe*, 480 F.3d at 168-69, but required a knowledge of Chinese government practice that the IJ could not claim to have, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005). In that respect we are left with a "firm conviction of error." *See Wensheng Yan v. Mukasey*, 509 F.3d at 67. Despite this erroneous finding, however, we conclude that remand would be futile, as substantial evidence supports the remainder of the IJ's findings which, together, provide an ample basis for the adverse credibility determination. *See Xiao Ji Chen*, 471 F.3d at 339 (deeming remand futile where the remanding court can "confidently predict" that the IJ would reach the same decision absent the errors that were made). Thus, the agency

4

properly denied Liu's asylum and withholding of removal claims.

**II. Motion to Remand**

We further find that the BIA did not abuse its discretion in denying Liu's motion to remand, because she failed to demonstrate her *prima facie* eligibility for relief. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir. 2005)*; Matter of Coelho,* 20 I. & N. Dec. 464, 471-72 (BIA 1992). The BIA reasonably determined that Liu's claim that she feared being forcibly inserted with an IUD, without more, failed to establish her eligibility. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30 (2d Cir. 2010) (according *Chevron* deference to the BIA's determination in *Matter of M-F-W & L-G*, 24 I. & N. Dec. 633 (BIA 2008)). Additionally, the BIA reasonably determined that Liu's argument that she demonstrated her *prima facie* eligibility based on the birth of her U.S. citizen daughter is foreclosed by this Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Finally, the BIA reasonably found impermissibly speculative Liu's claim that she had a well-founded fear of persecution based on her intention to have a second child. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for

5

the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk